**C. L. McCALEB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39337.**

Court of Criminal Appeals of Texas.

May 25, 1966.

Brown, Shuman & Harding, by Clifford W. Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Roy L. Marshall, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
ON
APPELLANT'S MOTION FOR RE-
HEARING

McDONALD, Presiding Judge.

Our prior opinion affirming the conviction is withdrawn.

The offense is giving a worthless check; the punishment, two years confinement in the Texas Department of Corrections.

The record shows that appellant delivered a check to Raymond G. Parker on or about December 1, 1964. When presented to the bank upon which it was drawn, the check was returned unpaid with the notation: "Acct. closed."

On January 6, 1965, Richard H. Parker filed complaint alleging under oath that the check was delivered to Raymond G. Parker with intent to defraud.

Prior to the return of the indictment on April 7, 1965, the amount of the check was paid to the holder through the District Attorney's Office.

The record reveals that the complaint sworn to by Richard H. Parker was entered into evidence over appellant's objection that this document was hearsay. Such objection was well taken, and the complaint was inadmissible as proof of the matter alleged therein. Barnes v. State, 155 Tex.Cr.R. 256, 234 S.W.2d 59. The inadmissible extra-judicial affidavit of Richard H. Parker that appellant delivered the check with the intent to defraud aided the state in the proof of that element of the offense, and was prejudicial to appellant.

Appellant's motion for rehearing is granted. The judgment is reversed and the cause remanded.